**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JERRY DIDONATO, ED KOGELIS, and )
LEOVIGILDO LOERA, individually, and )
on behalf of those similarly situated, )     Case No. 19-cv-2694
                                     )
         Plaintiffs, )     Judge John Robert Blakey
                                     )
   v. )
                                       )
NATIONAL PRODUCTION WORKERS )
UNION SEVERANCE TRUST PLAN, et al., )
                                     )
         Defendants. )

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

On September 19, 2025, Plaintiffs filed a motion seeking preliminary approval of a class action settlement of the litigation as against all Defendants. *See* [175]. The terms of the Settlement are set out in an Amended Settlement Agreement and Stipulation dated September 16, 2025, executed by the Class Counsel and Defendants' Counsel, and attached as Exhibit A to the Declaration of Elizabeth Rowe, which accompanies the Motion for Preliminary Approval of the Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Amended Settlement Agreement and Stipulation (the "Settlement Agreement," the "Agreement," or the "Stipulation"), which is incorporated herein by reference.

The Court, having considered Plaintiffs' Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's-length negotiations between experienced and competent counsel with the assistance of a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants and a full settlement conference had taken place;

    C. Class Counsel and a Class Representative have concluded that the Settlement Agreement is fair, reasonable, and adequate, and have submitted declarations in support of the Settlement; and

    D. Considering the relevant Seventh Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing will be held on March 11, 2026, at 11:00 a.m. in Courtroom 1203 of the United States District Court for the Northern District of Illinois, Eastern Division, before the undersigned Judge to determine, among other issues:

    A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B. Whether the Court should enter the Final Approval Order;

    C. Whether the Court should approve any motion for Attorneys' Fees and Costs to be filed by Class Counsel and as specified in the Settlement Agreement;

    D. Whether the Court should approve the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund; and

    E. Whether any motion for compensation to Class Representatives as specified in the Settlement Agreement should be approved.

3. **Settlement Administrator:** The Court approves and orders that Analytics, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

    A. The Settlement Administrator shall be bound by the Confidentiality Order [114] and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

    B. The Settlement Administrator shall use the data provided by the Defendants and the recordkeeper for the National Production Workers Union Severance Trust Plan ("Severance Plan") and the National Production Workers Union 401(k) Retirement Plan ("401(k) Plan") (collectively, the "Plans"), or its designee, solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3

4.     **Class Certification**: The following Settlement Class, consisting of three subclasses, is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

A. All participants and beneficiaries of the Severance Plan that were charged administrative fees in the Severance Plan at any time during the Class Period that resulted from employment of individuals in the bargaining unit in Elwood, Illinois by Parsec, Inc. that had terminated before January 1, 2016 who either (a) timely responded by June 8, 2025 to a letter dated May 8, 2025 sent by the Plan Administrator of the Severance Plan, or (b) received a distribution of their Severance Plan account between January 1, 2016 and June 8, 2025 (hereinafter, the "Pre-2016 Severance Plan Subclass"); and

B. All participants and beneficiaries of the Severance Plan that were charged administrative fees in the Severance Plan at any time during the Class Period that resulted from employment of individuals in the bargaining unit in Elwood, Illinois by Parsec, Inc. that had terminated on or after January 1, 2016 (hereinafter, the "Post-2016 Severance Plan Subclass"); and

C. All participants and beneficiaries of the 401(k) Plan that have had a positive account balance in the 401(k) Plan at any time during the Class Period that resulted from employment of individuals in the

4

bargaining unit in Elwood, Illinois by Parsec, Inc. (hereinafter, the "401(k) Plan Subclass").

The Class Period shall be defined, with respect to the Pre-2016 Severance Plan Subclass and the Post-2016 Severance Plan Subclass, as January 1, 2016 through the date of this Order, and with respect to the 401(k) Plan Subclass, as January 1, 2020 through the date of this Order.

5.      The Court appoints Jerry Didonato, Ed Kogelis, and Leovigildo Loera as the representatives for the Settlement Class. Further, the Court appoints Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP as counsel for the Settlement Class.

6.      **Establishment of Settlement Fund**: A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *DiDonato, et al. v. National Production Workers Union Severance Trust Plan, et al.* Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $615,250.00 and any interest earned thereon. The Settlement Fund shall be administered in accordance with the terms of the Settlement Agreement and this Order as follows:

A. The Settlement Fund is established exclusively for the purposes of: (a) making distributions to eligible claimants in accordance with the claims process described in the Settlement Agreement; (b) making

5

distributions to Class Representatives and Class Members as specified in the Settlement Agreement; (c) making payments for all settlement administration costs and costs of notice, including payments of all Settlement Administrative Expenses specified in the Settlement Agreement; (d) making payments of all Attorneys' Fees to Class Counsel and reimbursement of Costs for this litigation incurred on behalf of Plaintiffs as awarded by the Court in this action; and (e) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Settlement Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the date of Complete Settlement Approval as defined in the Settlement Agreement.

B. Within the time periods set forth in the Settlement Agreement, Defendants, or if applicable, their insurers or representatives, shall cause $615,250.00 to be deposited into the Settlement Fund.

C. The Settlement Fund shall be a single qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 *et seq.*

D. Defendants or their representatives shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically

identified herein. Defendants or their representatives shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) the obligation to cause the Settlement Amount to be deposited into the Settlement Fund; and (2) the agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

E. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

F. The Settlement Amount caused to be deposited by Defendants into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is

7

terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the execution of the Settlement Agreement; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity that funded the Settlement Fund. Further provided that, if the Settlement Agreement is terminated after Defendants or their representatives have deposited the Settlement Funds, but prior to the entry of an order granting Final Approval of the Settlement, the funds in the Settlement Fund shall be disposed of as set forth in the Settlement Agreement.

G. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

H. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind,

including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

I.  The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' case contribution awards, Settlement Administrative Expenses, and all Attorneys' Fees and Costs for this litigation incurred on behalf of Plaintiffs shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

J.  The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The

Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

K. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions.

L. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this

10

Order, and any future orders that the Court may find it necessary to issue.

M. This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

7.    **Class Notice:** The Settling Parties have presented to the Court the Class Notice, which is the proposed forms of notice regarding the Settlement for mailing to Settlement Class Members.

A. The Court approves the text of the Class Notice and finds that the proposed forms and content therein fairly and adequately:

i.   Summarize the claims asserted;

11

    ii.  Describe the terms and effect of the Settlement;

    iii.  Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards;

    iv.  Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Settlement Class Members' right to appear; and

    v.  Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Case Contribution Awards.

B.  Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Class Notice and mailing the Class Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

C.  The Settlement Administrator shall send by first-class mail the appropriate Class Notice to each Settlement Class Member within forty-five (45) calendar days of the date of this Order (or, by November 15, 2025), as specified in the Settlement Agreement, based

on data provided by Defendants and the Plans' recordkeeper (or its designee). The Class Notices shall be mailed by first-class mail, postage prepaid, to the last known address of each Settlement Class Member provided by Defendants and the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by Defendants and the Plans' recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Class Notice is returned and re-mail such documents one additional time.

D. On or before the date that Class Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement and identified in the Class Notice. The Settlement Administrator shall post a copy of the Class Notices on the Settlement Website.

E. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

8. **Attorneys' Fees and Other Expenses**: Class Counsel will file with the Court their request for attorneys' fees and costs, settlement administrative

expenses, and case contribution awards as provided by the Settlement Agreement, no later than forty-five (45) days before the Fairness Hearing (or, by January 23, 2026).

9. **Objections to Settlement**: Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for case contribution awards for the Class Representatives must file an objection in the manner set out in this Order.

    A. Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be filed validly with the Clerk of the Court and copies sent to Class Counsel and Defendants' Counsel at least thirty (30) calendar days prior to the scheduled Fairness Hearing (or, by February 9, 2026).

    B. A Settlement Class Member wishing to raise an objection must do the following: (A) file with the Court a statement of the Settlement Class Member's objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defendants'

14

Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

Clerk of the Court
United States District Court for the Northern District of Illinois, Eastern Division
219 S. Dearborn Street
Chicago, IL 60604

DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
Attention: Elizabeth L. Rowe
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603

MAYER BROWN LLP
Attention: Nancy G. Ross and Elaine Liu
71 S. Wacker Dr.
Chicago, IL 60606

C. Failure to serve objection(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

D. Any party may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to

15

discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector.

E. Any party may file a response to an objection by a Settlement Class Member at least seven (7) calendar days before the Fairness Hearing.

10. **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 7 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing (or, by February 9, 2026). Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

11. **Final Approval Motion**: Plaintiffs shall file their Final Approval Motion at least twenty-eight (28) calendar days before the Fairness Hearing (or, by February 11, 2026).

12. **Service of Papers**: Class Counsel and Defendants' Counsel shall promptly furnish each other with copies of all objections that come into their possession.

16

13. **Effect of Termination of Settlement on this Order**: This Order shall become null and void, and shall be without prejudice to the rights of the parties, if the Settlement is terminated in accordance with the Settlement Agreement.

14. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Class Representative, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

15. **Deadline for Rollover Elections:** If a Settlement Class Member wants to elect the option to rollover his or her share of the settlement into a tax-qualified account, the Settlement Class Member must deliver the completed Rollover Form to the Settlement Administrator at least ten (10) days before the Fairness Hearing (or, by March 1, 2026).

16.    **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Settlement Class Members, other than by notice to Class Counsel and Defendants' Counsel, and other than by notice via the Court's docket or the Settlement Website.

IT IS SO ORDERED.

Dated: October 1, 2025                                        Entered:

John Robert Blakey
United States District Judge

18